UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

YEL CO. INSURANCE, a Florida
corporation,

       CASE NO: 1:25-cv-22365-DPG- GAYLES

       Plaintiff,

vs.

TRUIST BANK, a North Carolina
corporation,

       Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, YEL CO. INSURANCE, by and through undersigned counsel, hereby sues

Defendant, TRUIST BANK[1], and in support thereof, states:

## JURISDICTION, VENUE, AND PARTIES

1. This case was removed to this Court by Defendant, TRUIST BANK ("Truist"

and/or "Defendant"), from the Circuit Court in and for Miami-Dade County on or about May 23,

2025.

2. This Court's jurisdiction exists under 28 U.S.C. § 1332 as the Plaintiff and

Defendant are citizens of different states and the matter in controversy exceeds $75,000.00,

exclusive of interest and costs.

3. Defendant is subject to the jurisdiction of this Court as it regularly transacts

business in this district, and the events described herein occurred in part in this district.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial

part of the events giving rise to this claim occurred in this district, and because Defendant has

---

[1]Counsel to the formerly named Defendant, Truist Financial Corp., advised undersigned counsel that the appropriate Defendant in this matter is Truist Bank, not Truist Financial Corp. Plaintiff reserves the right to amend to the extent that Truist Bank is not the appropriate Defendant to this litigation as determined through discovery.

numerous operations and branches throughout this district, wherein it regularly transacts business.

5.      At all material times, Plaintiff, YEL CO. INSURANCE ("Plaintiff"), was and is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

6.      At all material times and based upon information and belief, Defendant was and is a foreign for-profit corporation with headquarters in Charlotte, North Carolina.

## FACTUAL BACKGROUND

7.      In or about June, 2008, Plaintiff opened a bank account (account No. 1100001873332) with BB&T. Truist was formed following the merger of BB&T and SunTrust Bank. Accordingly, upon the merger, Plaintiff's account was transferred to Truist.

8.      Defendant provided Plaintiff with banking services through bank account number 1100001873332.

9.      These banking services included Defendant holding Plaintiff's funds on behalf of Plaintiff.

10.     On or about March 15, 2024, Defendant wired $250,000.00 from bank account number 1100001873332.

11.     However, Plaintiff did not authorize this transfer.

12.     Defendant never had Plaintiff's authorization for this transfer.

13.     Defendant does not possess any document that shows Plaintiff authorized this transfer.

14.     Defendant does not possess any correspondence that shows Plaintiff authorized this transfer.

15.     On the same day as the transfer, Defendant blocked and/or locked the account due to suspicious activity.

16. On or about March 22, 2024, Defendant submitted an Affidavit of Fraudulent Activity to Truist indicating that the transfer was never authorized by Plaintiff. A true and correct copy of the Affidavit of Fraudulent Activity is attached hereto as Exhibit "A."

17. On or about August 21, 2024, Defendant sent Plaintiff a letter notifying Plaintiff that it concluded its investigation and was unable to recover the funds.

18. To date, Defendant has not returned or credited Plaintiff with the $250,000.00 that was wired.

19. All conditions precedent to this action have been performed prior to the filing of this action, have been waived, or have otherwise been satisfied.

20. Plaintiff has retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for her services.

## COUNT I – VIOLATION OF CHAPTER 670, FLORIDA STATUTES

21. Plaintiff re-alleges and incorporates Paragraphs 1 through 21 above as if fully set forth herein.

22. Defendant is obligated to make repayment for unauthorized or ineffective funds transfers pursuant to Article 4A of the UCC, codified in Florida Statutes Section 670.102, *et seq.*, and Federal Regulation J, Subpart B (to the extent that this Regulation preempts Chapter 670 of the Florida Statutes).

23. Under U.C.C. § 4A-203(a)(2), Defendant is not entitled to enforce or retain payment of the payment orders because the orders were not caused, directly or indirectly, by a person (i) entrusted at any time with duties to act for Plaintiff with respect to payment orders or the security procedure or (ii) who obtained access to transmitting facilities of Plaintiff or who obtained, from a source controlled by Plaintiff and without authority of the receiving bank,

information facilitating breach of the security procedure, regardless of how the information was obtained or whether Plaintiff was at fault.

24.     Plaintiff exercised ordinary care to discover the unauthorized ineffective funds transfers and made a timely report of suspected fraud to Plaintiff less than thirty (30) days after initial unauthorized and ineffective funds transfer occurred.

25.     Since Plaintiff received no actual notice of the funds transfers from Defendant and the statutory 90-day time limitation runs from the date of notice, a report made within thirty (30) days of the first occurrence of fraud is well within the statutory deadline.

26.     To date, Defendant has failed to make any repayment for the unauthorized wire transfer.

27.     Defendant has also failed and refuses to pay interest on the refundable amounts in accordance with Article 4A-204(a).

28.     As a direct and proximate result of Defendant's failure and refusal to make repayment in accordance with Article 4A of the U.C.C., codified in Florida Statutes Section 670.102, *et seq.*, and Federal Regulation J, Subpart B (to the extent that this Regulation preempts Chapter 670 of the Florida Statutes), Plaintiff suffered and incurred damages.

29.     Plaintiff has retained the undersigned attorney to prosecute this action on its behalf and is obligated to pay her a reasonable fee for her services herein and is therefore entitled to recover its reasonable attorneys' fees should it become the prevailing party in this action.

WHEREFORE, Plaintiff demands judgment in its favor, including the award of damages, interest, attorneys' fees, costs, and for such other and further relief as this Court deems equitable, proper, and just.

## COUNT II – IMPLIED-IN-FACT CONTRACT

30.     Plaintiff re-alleges and incorporates Paragraphs 1 through 21 above as if fully set forth herein.

31.     Plaintiff conferred a benefit on Defendant by depositing at least $250,000.00  in bank account number 1100001873332.

32.     Defendant had knowledge of this benefit by accepting the funds in bank account number 1100001873332.

33.     Defendant voluntarily accepted the benefit of the funds in bank account number 1100001873332.

34.     As part of this benefit, Defendant agreed to retain these funds for Plaintiff's benefit, including safeguarding funds against unauthorized disbursements.

35.     Defendant disbursed $250,000.00 of Plaintiff's funds without Plaintiff's authorization and failed to safeguard the account and failed to enforce generally accepted banking policies and procedures.

36.     Defendant has not returned the $250,000.00 to Plaintiff. Thus, Defendant retained the benefit of these funds without paying fair value.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs of this action, and all other equitable and legal relief as this Court may deem appropriate.

## COUNT III – BREACH OF CONTRACT

37.     Plaintiff re-alleges and incorporates Paragraphs 1 through 21 above as if fully set forth herein.

38.     Plaintiff and Defendant entered into a contract.[2]

---

[2]At this time, Plaintiff does not maintain a written contract with Defendant but has requested a copy of any written contracts from Defendant's counsel to the extent that one exists.

5

39.     This contract included terms for Defendant to provide banking services to Plaintiff. In exchange, Plaintiff would deposit funds in Defendant's bank account number 100001873332.

40.     As part of its banking services, Defendant agreed to protect Plaintiff's funds.

41.     As part of its banking services, Defendant agreed not to disburse Plaintiff's funds without Plaintiff's authorization, to safeguard the account, and to enforce generally accepted banking policies and procedures.

42.     Defendant assented to the terms of this contract by maintaining Plaintiff's funds in bank account number 1100001873332.

43.     Defendant assented to the terms of this contract by acknowledging an unauthorized transfer of these funds.

44.     Defendant assented to the terms of this contract by instituting an investigation for the unauthorized transfer of these funds.

45.     There was also mutuality of this agreement wherein Plaintiff provided funds to Defendant in bank account number 1100001873332, and Defendant enjoyed the funds deposited into bank account number 1100001873332.

46.     Defendant breached the terms of its contract with Plaintiff by: (1) wiring $250,000.00 without Plaintiff's authorization; (2) failing to safeguard Plaintiff's account; and (3) failing to enforce generally accepted banking policies and procedures.

47.     Defendant has not returned or credited the $250,000.00 to Plaintiff.

48.     Plaintiff was damaged by this breach in the amount of at least $250,000.00.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs of this action, and all other equitable and legal relief as this Court may deem appropriate.

6

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all counts.

FEIGELES & HAIMO LLP

/s/ *Samantha Tesser Haimo*
Samantha Tesser Haimo, Esq.
sth@womenatlawfl.com
Florida Bar No. 148016
7900 Peters Road, Suite B-200
Fort Lauderdale, FL 33324
(954) 376–5956 - Telephone
(954) 206-0188 – Facsimile

Counsel for Plaintiff
YEL CO. INSURANCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2025, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Samantha Tesser Haimo
Samantha Tesser Haimo