**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No.: 25-cv-22365-DPG/DSW**

**YEL CO. INSURANCE,**

      **Plaintiff,**

**v.**

**TRUIST BANK,**

      **Defendant.**

**AMENDED REPORT AND RECOMMENDATION ON
<u>DEFENDANT'S MOTION TO DISMISS</u>**

**THIS CAUSE** is before the Court on Defendant Truist Bank's ("Defendant") Motion to Dismiss Amended Complaint ("Motion"), filed by Plaintiff Yel Co. Insurance ("Plaintiff"). [ECF No. 21]. The Honorable Darrin P. Gayles, United States District Judge, referred this Motion to the undersigned for disposition. [ECF No. 37]. Upon thorough and careful review of the Amended Complaint, [ECF No. 15], the Motion, Plaintiff's Response, [ECF No. 33], and Defendant's Reply, [ECF No. 35], the undersigned respectfully recommends that Defendant's Motion be **DENIED** for the reasons outlined below.

## I.     BACKGROUND

In its Amended Complaint, Plaintiff alleges that Defendant provided Plaintiff with banking services by holding Plaintiff's funds in bank account number 1100001873332 ("Bank Account"). [ECF No. 15 ¶ 8–9]. Plaintiff further alleges that, without Plaintiff's prior authorization, Defendant wired $250,000 from the Bank Account to TD Bank. *Id.* ¶¶ 10–14. On the same day as the transfer, Defendant allegedly blocked or locked the Bank Account due to suspicious activity. *Id.* ¶ 15.

1

Thereafter, Defendant informed Plaintiff that it was unable to recover the $250,000. *Id.* ¶ 17. To date, Defendant has not returned or credited Plaintiff with the $250,000 that Defendant wired. *Id.* ¶ 18.

Plaintiff originally filed a lawsuit against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in the case captioned *Yel Co. Insurance v. Truist Financial Corp.*, 2025-00462-CA-01. [ECF No. 1]. Defendant then removed the case to federal court on the basis of diversity jurisdiction. *Id.* Plaintiff filed its Amended Complaint, asserting claims against Defendant for violation of Chapter 670, Florida Statutes (Count I), breach of implied-in-fact contract (Count II), and breach of contract (Count III). [ECF No. 15].

Defendant's Motion to Dismiss is now before the Court. [ECF No. 21]. Defendant first asserts that Plaintiff did not address the "threshold inquiry" as required under Section 670.202 to sufficiently allege a violation of Chapter 670, Florida Statutes claim. [ECF No. 21 at 2–3]. Plaintiff, on the other hand, argues that at the pleadings stage, it must only allege that Defendant failed to comply with the statute. [ECF No. 33 at 3–4]. Next, Defendant argues that, because Plaintiff acknowledges that a written contract exists between the parties, Plaintiff's claim for breach of implied contract is without merit. [ECF No. 21 at 3]. Plaintiff argues in opposition that it may plead breach of implied contract in the alternative. [ECF No. 33 at 4]. Finally, Defendant contends that Plaintiff has not alleged a specific contractual provision and, therefore, has failed to properly plead its breach of contract claim. [ECF No. 21 at 3–4]. Plaintiff counters that, while it does not currently have a copy of the applicable contract, it did allege that it has requested any contracts from Defendant to the extent any exist. [ECF No. 33 at 4–5]. In the alternative, Plaintiff seeks leave to amend its Amended Complaint. *Id.* at 5.

## II.      LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir.2009) (citing *Iqbal,* 556 U.S. at 679.)

## III.      DISCUSSION

### A.  Violation of Chapter 670, Florida Statutes Claim (Count I)

Defendant first argues that Plaintiff's claim for violation of Chapter 670, Florida Statutes fails to state a claim because it fails to allege any specific portions of Chapter 670 that Defendant violated. [ECF No. 21 at 2–3]. Florida has codified the Uniform Commercial Code's ("UCC") rules on funds transfers in Florida Statutes, Chapter 670.[1] Section 670.201, *et seq.*, governs the issuance and acceptance of payment orders. Plaintiff has alleged two subsections in its Amended Complaint. The first subsection, Section 670.204(1), provides:

---

[1]      While Plaintiff alleges provisions of the UCC in its Amended Complaint, this Court will undergo its analysis applying the relevant, comparable Florida statutory provisions.

3

> If a receiving bank accepts a payment order issued in the name of its customer as sender which is not authorized and not effective as the order of the customer under s. 670.202 or is not enforceable, in whole or in part, against the customer under s. 670.203, the bank shall refund any payment of the payment order received from the customer to the extent the bank is not entitled to enforce payment and shall pay interest on the refundable amount calculated from the date the bank received payment to the date of the refund.

In other words, "[w]hen a receiving bank—really, the paying bank—receives a payment order, it must determine whether the payment is 'verified.'" *Rodriguez v. Branch Banking & Tr. Co.*, 46 F.4th 1247, 1253 (11th Cir. 2022) (citing Section 670.204)(1)). "If a bank accepts a payment order that isn't verified, then the bank 'shall refund any payment' *and* 'shall pay interest on the refundable amount.'" *Id.* (emphasis included in original) (citing Section 670.204)(1)). However, pursuant to Section 670.202(2), the bank may shift the risk of loss:

> If a bank and its customer have agreed that the authenticity of payment orders issued to the bank in the name of the customer as sender will be verified pursuant to a security procedure, a payment order received by the receiving bank is effective as the order of the customer, whether or not authorized, if the security procedure is a commercially reasonable method of providing security against unauthorized payment orders and the bank proves that it accepted the payment order in good faith and in compliance with the security procedure and any written agreement or instruction of the customer restricting acceptance of payment orders issued in the name of the customer.

Lastly, Section 670.203(1)(b), the other subsection alleged in the Amended Complaint, provides:

> If an accepted payment order . . . is effective as an order of the customer pursuant to s. 670.202(2) . . . (b) The receiving bank is not entitled to enforce or retain payment of the payment order if the customer proves that the order was not caused, directly or indirectly, by a person:
> 1. Who was entrusted at any time with duties to act for the customer with respect to payment orders or the security procedure; or
> 2. Who obtained access to transmitting facilities of the customer or who obtained, from a source controlled by the customer and without authority of the receiving bank, information facilitating breach of the security procedure, regardless of how the information was obtained or whether the customer was at fault. Information includes any access device, computer software, or the like.

The Court finds that Plaintiff adequately alleged a claim under Chapter 670. Section 670.204(1) requires Plaintiff to allege (1) that the receiving bank accepted a payment order issued in the name of the customer, (2) the payment order was not enforceable under Section 670.203, and (3) damages. *See* Section 670.204. In the Amended Complaint, Plaintiff alleged that (1) Defendant wired $250,000 from Plaintiff's bank account, (2) Plaintiff did not authorize the transfer, nor does any documentation exist showing that Plaintiff authorized the transfer, and (3) Defendant has not returned or credited Plaintiff with the $250,000 that was wired, nor has Defendant paid interest on the refundable amount. [ECF No. 15 ¶¶ 10, 11–14, 18, 26–28]. Because the crux of Plaintiff's claim under Section 670.204 is that the payment was not "verified," these allegations are sufficient to state a plausible claim for violation of Section 670.

Defendant, on the other hand, contends that Plaintiff omitted the "threshold inquiry" of its claim under Section 670.202 and 670.203, requiring Plaintiff to plead allegations of (1) whether the payment order received by Defendant is the authorized order of the person identified as the sender, and (2) whether the security procedure used to verify the payment order is commercially reasonable. [ECF No. 21 at 2–3]. The Court disagrees. Plaintiff has sufficiently alleged a claim for violation of Section 670 under Section 670.204(1)—one of the subsections pled in the Amended Complaint—for the Court to draw the reasonable inference that Defendant is liable for the conduct alleged in the Amended Complaint. *See* [ECF No. 15 ¶ 27]. Defendant will have the opportunity to present any defense it may have under Section 670.202 at the summary judgment stage or at trial. *See Minerva Grp., LLC v. Truist Bank*, No. 24-60345-CIV, 2025 WL 1517436, at *2 (S.D. Fla. Jan. 13, 2025) ("Whether the claim succeeds factually will be determined either at summary judgment or trial."). Therefore, Defendant's Motion as to Count I should be denied.

### B. Breach of Implied-in-Fact Contract Claim (Count II)

Plaintiff has seemingly confused the standard for pleading a claim for breach of implied-in-fact contract versus a claim for breach of implied-in-law contract. To sufficiently state a claim for breach of implied-in-fact contract, a plaintiff must allege the existence of a contract, a material breach of the contract by the defendant, and damages resulting from the defendant's breach of the contract. *Vanguard Plastic Surgery, PLLC v. Cigna Health & Life Ins. Co.*, No. 0:22-CV-61086-WPD, 2023 WL 2168513, at *4 (S.D. Fla. Jan. 18, 2023). An implied-in-fact contract "requires the same elements as an express contract, and differs only in the parties' method of expressing mutual consent." *Cravens v. Garda CL Se., Inc.*, No. 24-CV-80400-RLR, 2024 WL 5058304, at *8 (S.D. Fla. Dec. 9, 2024). "To establish the existence of a contract under Florida law, the plaintiff must show offer, acceptance, consideration, and specificity in terms of the contract." *Id.* (citing *In re Brinker Data Incident Litig.*, 2020 WL 691848, at *4).

Unlike an implied-in-fact contract, an implied-in-law contract is based on the creation of a legal fiction to serve equitable principles and prevent unjust enrichment. *Canada v. Yak Am.*, No. 12-22143-CIV-KING, 2012 WL 4025745, at *4 (S.D. Fla. Sept. 12, 2012). "Although the parties may have never by word or deed indicated in any way that there was any agreement between them, the law will, in essence, 'create' an agreement in situations where it is deemed unjust for one party to have received a benefit without having to pay compensation for it." *Id.* (citing *Tooltrend, Inc. v. CMT Utensili, SRL,* 198 F.3d 802, 805 (11th Cir. 1999)). Under Florida law, a breach of contract implied-in-law is another name for unjust enrichment. *Monahan v. WHM, LLC*, No. 09-80198-CIV, 2010 WL 11504336, at *4 (S.D. Fla. Mar. 18, 2010) (citing *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2008)). To sufficiently state a claim for breach of implied-in-law contract, or unjust enrichment, a plaintiff must allege "(1) a benefit conferred on the defendant

by the plaintiff, (2) defendant's appreciation of that benefit, (3) defendant's acceptance and retention of the benefit without paying for its value, and (4) the inequality of the circumstances requires that defendant pay the fair value of the benefit received." *Neurosurgical Consultants of S. Fla., LLC v. UnitedHealthcare Ins. Co.*, No. 22-81428-CIV, 2023 WL 1826860, at *3 (S.D. Fla. Feb. 8, 2023).

It is axiomatic that the substance of a claim controls over the title that the pleader assigns to the claim. *Est. of Roig v. United Parcel Serv., Inc.*, No. 20-CV-60811, 2020 WL 6875790, at *8 (S.D. Fla. Sept. 30, 2020), *report and recommendation adopted*, No. 20-CV-60811, 2020 WL 6873892 (S.D. Fla. Nov. 22, 2020). Indeed, "[i]t is well-settled Florida law that a pleading will be construed according to its substance rather than its form." *Wells Fargo Bank, N.A. v. Smith as Tr. of Roy F. Smith, Jr. Tr.*, 263 So.3d 134, 136 (Fla. 1st DCA 2018). Thus, the character of the Amended Complaint will depend upon its grounds or contents, and not on the titles therein. *See id.*

Despite titling Count II as a claim for "Implied-in-*Fact* Contract," [ECF No. 15 at 5] (emphasis added), Plaintiff sufficiently alleges facts in support of a claim for breach of an implied-in-*law* contract, or unjust enrichment. In the Amended Complaint, Plaintiff alleges that (1) it conferred a benefit on Defendant by depositing at least $250,000 in the Bank Account, (2) that Defendant had knowledge of the benefit by accepting the benefit, (3) Defendant agreed to retain these funds on Plaintiff's behalf, including safeguarding funds against unauthorized disbursements, and (4) Defendant has not returned the $250,000 to Plaintiff, thereby retaining the benefit of the funds without paying fair value for them. [ECF No. 15 ¶¶ 31–36]. After accepting Plaintiff's allegations as true, as required at the motion to dismiss stage, the Court concludes that Plaintiff has plausibly alleged a claim for breach of implied-in-*law* contract.

7

Defendant argues that Plaintiff's breach of implied contract claim fails because Plaintiff has acknowledged that there is a written contract governing the relationship between the parties. [ECF No. 21 at 3]. Defendant's argument is not convincing because Plaintiff has asserted claims for both unjust enrichment and breach of contract. [ECF No. 15 at 5–6]. And, it is well settled that a party can plead an unjust enrichment claim in the alternative. *Silver Crown Invs., LLC v. Team Real Est. Mgmt., LLC*, 349 F. Supp. 3d 1316, 1333 (S.D. Fla. 2018) ("Defendants argue that Plaintiffs [sic] unjust enrichment count must be dismissed because Plaintiffs cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists between the parties . . . . This proposition, while true, is only operative upon a showing that an express contract exists—not upon a mere allegation of an express contract . . . . Thus, '[u]ntil an express contract is proven, a motion to dismiss a claim for unjust enrichment on these grounds is premature.'" (citations omitted)). While Plaintiff may not ultimately prevail on both theories—breach of express contract and breach of implied contract—that does not prevent Plaintiff from asserting those allegations at this stage of the proceeding. *See Bracamonte v. Parsons Transportation Grp., Inc.*, No. 11-24410-CIV, 2012 WL 13014691, at *4 (S.D. Fla. July 25, 2012).

For these reasons, Defendant's Motion as to Count II should be denied.

## C.  Breach of Contract Claim (Count III)

Finally, Defendant argues Plaintiff's breach of contract claim fails because the Amended Complaint does not identify a specific contractual provision. *See* [ECF No. 21 at 3–4]. Ordinarily, Defendant would be correct that a Plaintiff is required to plead breach of a specific contractual provision. *See Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 17, 2014) ("In order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege

8

which provision of the contract has been breached."). However, in this case, Plaintiff has alleged that it does not currently "maintain" the written contract. [ECF No. 15 ¶ 38 n.2]. At the pleading stage, "[p]laintiffs are only required to allege sufficient factual matter to allow this Court to draw a reasonable inference" that a defendant is liable for breach of contract. *Facsina v. Isla Morada, Vill. of Islands*, No. 21-10092-CIV, 2022 WL 3928350, at *6 (S.D. Fla. Aug. 16, 2022), *report and recommendation adopted*, No. 21-CV-10092, 2022 WL 3910703 (S.D. Fla. Aug. 31, 2022). Where a plaintiff does not possess a copy of the contract, the plaintiff must identify the breached provisions with "sufficient specificity to state a claim for relief." *Boca Raton Sailing v. Scottsdale Ins. Co.*, No. 18-CV-81236, 2019 WL 7904805, at *2 (S.D. Fla. Mar. 18, 2019). "Provisions need not be identified with a section or page number, but a complaint must at least provide enough information regarding the disputed terms to give the opposing party reasonable notice of which provisions are being contested." *Id.* Importantly, the Court must be "wary of limiting justice for parties not in possession of the contracts to which they are bound." *Id.*

Courts have routinely dismissed cases where the facts pled are insufficient to determine which provision of the contract has been breached. For example, the court in *Boca Raton Sailing*, dismissed the case where the plaintiff, who was not in possession of the relevant contract, alleged that a contract existed without alleging any terms that the defendant breached. *Id.* at *2. Likewise, the Eleventh Circuit found that the plaintiff in *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 664 (11th Cir. 2015) made "vague references to a breach" without identifying "the contract provision that formed the basis of their claims." And in *Pine Forest Assembly of God Church Inc. v. Church Mut. Ins. Co. SI*, No. 3:22CV6472-MCR-ZCB, 2022 WL 22638970, at *2 (N.D. Fla. June 27, 2022), the court dismissed plaintiff's complaint containing no allegations demonstrating the nature of the breach or "generally or specifically" which provision the defendant breached.

9

The allegations in Plaintiff's Amended Complaint are pled with a far greater degree of specificity than in these cases. Here, Plaintiff alleges which contractual provisions Defendant breached—the Amended Complaint alleges that under the terms of the contract, Defendant agreed to provide banking services to Plaintiff through a bank account issued to Plaintiff. [ECF No. 15 ¶¶ 38-39]. The Amended Complaint also alleges that, as part of its banking services, Defendant agreed to protect Plaintiff's funds and not to disburse Plaintiff's funds without Plaintiff's authorization, to safeguard the account, and to enforce generally accepted banking policies and procedures. *Id.* ¶¶ 40-41. And, Plaintiff alleges how Defendant breached the terms of the contract—the Amended Complaint alleges that Defendant breached the terms of the contract by (1) wiring $250,000 without Plaintiff's authorization, (2) failing to safeguard Plaintiff's account, and (3) failing to enforce generally accepted banking policies and procedures. *Id.* ¶ 46. For the purposes of Defendant's Motion, the Court finds that Plaintiff has adequately pled the identity of the contractual provisions with "sufficient specificity" at this time to provide Defendant with reasonable notice of the claims alleged against it.

Therefore, Defendant's Motion as to Count III should be denied.

### D. Leave to Amend the Amended Complaint

Plaintiff seeks leave to amend its Amended Complaint in the alternative at the end of its Opposition. [ECF No. 33 at 5]. However, "it is improper to embed a motion within a response to a motion." *Roberto v. Addison Place Apartments Prop. Owner LLC*, No. 0:23-CV-61579, 2024 WL 5215239, at *7 (S.D. Fla. Nov. 6, 2024) (citing *Waterfront ICW Props., LLC v. Town of Ocean Ridge*, No. 21-81241-CV, 2021 WL 8442616, at *2 (S.D. Fla. Dec. 2, 2021)). As such, the Court should deny Plaintiff's request for leave to amend the Amended Complaint. Plaintiff may file a separate motion, if Plaintiff desires to do so.

## IV.    RECOMMENDATION

The undersigned hereby **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED**.

## V.    OBJECTIONS

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 19th day of February 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc:    The Honorable Darrin P. Gayles
       All Counsel of Record